**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:02-cr-00053** |
| | ) | **Judge Trauger** |
| **KENNETH B. KIMBALL** | ) | |

**MEMORANDUM AND ORDER**

Pending in this criminal case is defendant Kenneth B. Kimball's pro se motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(6) and (d)(3). (Doc. No. 988.) For the reasons that follow, this motion is denied.

**I.    Background**

On January 23, 2004, at the conclusion of a three-week trial involving over 80 witnesses, the defendant was convicted by a jury of numerous offenses including drug trafficking, money laundering, and solicitation to commit murder. (Doc. Nos. 388, 395.) He was sentenced by this court to two consecutive life sentences plus fifteen years. (Doc. Nos. 539, 540.)

On appeal of this conviction and sentence, the Sixth Circuit affirmed the conviction, but vacated and remanded the sentence for reconsideration in light of *United States v. Booker*, 543 U.S. 220 (2005), which was issued after the court imposed its sentence. (Doc. No. 684); *United States v. Kenneth Kimball, et al.*, 194 F. App'x 373 (6th Cir. 2006), *cert. denied*, 127 S.Ct. 1137 (Jan. 16, 2007). On remand, the court applied the decision in *Booker*, but ultimately imposed the same sentence it had imposed prior to remand. (Doc. Nos. 736, 737.) On appeal of the Amended Judgment, the Sixth Circuit affirmed. (Doc. Nos. 739, 770); *United States v. Randall R. Parker and Kenneth Kimball*, 341 F. App'x 122 (6th Cir. 2009).

The defendant subsequently filed in this court a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, raising claims of ineffective assistance of counsel and prosecutorial misconduct. (Case No. 3:10-cv-0730, Doc. No. 1.) The court denied the § 2255 motion on November 19, 2012, and denied a certificate of appealability. (*Id.*, Doc. Nos. 46, 47.) The defendant appealed to the Sixth Circuit, which adopted this court's reasoning and denied a certificate of appealability on September 6, 2013. (*Id.*, Doc. No. 51.) The defendant unsuccessfully petitioned for a writ of mandamus before the Sixth Circuit on March 18, 2014. (*Id.*, Doc. Nos. 52, 53.)

The defendant subsequently applied for Sixth Circuit authorization to file a second or successive motion under § 2255, which the Sixth Circuit denied on January 13, 2017. (*Id.*, Doc. No. 54.) On February 2, 2017, the defendant filed a motion in this court for sentence reduction under 18 U.S.C. § 3582(c)(2) (Doc. No. 951), which the court denied by order entered November 15, 2017. (Doc. No. 980.)

The defendant filed the instant Rule 60 motion on March 23, 2018, seeking relief from his 2004 judgment of conviction based on the allegedly unlawful search of his residence in March 2003. He claims that he was not able to obtain a copy of the application and affidavit used to secure the search warrant until 2015, despite attempting to obtain this documentation for 10 years. (Doc. No. 988 at 15.)

**II.     Discussion**

The defendant's motion under Rule 60(b)(6) and (d)(3) presents the following three issues: (1) whether a material error in the warrant application—which identified the defendant as a potential felon in possession of a firearm when he claims to have not yet been convicted of a felony—infected the Magistrate Judge's probable cause determination; (2) whether the search of

2

a safe within his residence violated the defendant's reasonable expectation of privacy, when that safe was not described in the warrant or warrant application, but the defendant's wife was told that it was and so opened the safe for law enforcement to search; and (3) whether Federal Rule of Civil Procedure 60 is an appropriate vehicle to raise these claims which, "if raised by trial counsel in a preliminary manner[,] could have . . . determin[ed] whether the introduction of critical evidence [was] the 'fruits of a poisonous tree.'" (*Id.* at 8, 9–17.) The court begins and ends its analysis of the motion with the third issue raised by the defendant, as the court finds that his Rule 60 motion is not properly filed in this criminal case.

Rule 60(b) provides that civil litigants may seek relief from final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Subsection (d)(3) provides that nothing in Rule 60 limits a court's power to set aside a judgment for "fraud on the court." Fed. R. Civ. P. 60(d)(3).

However, "[a]s a rule of civil procedure, Rule 60(b) applies to civil proceedings," including habeas proceedings under 28 U.S.C. §§ 2254 and 2255, "which are civil in nature." *United States v. Gibson*, 424 F. App'x 461, 464 (6th Cir. 2011); *see generally* Fed. R. Civ. P. 1 ("These rules

govern the procedure in all civil actions and proceedings in the United States district courts[.]"). Criminal proceedings such as the instant case are governed by the Federal Rules of Criminal Procedure, not the civil rules. *Id.* Accordingly, Rule 60 is not applicable to these proceedings, "and may not be used to disturb a criminal sentence or conviction." *Id.*; *see also Beckett v. United States*, 8 F. App'x 330 (6th Cir. 2001) (denying Rule 60 motion which alleged "fraud on the court" but was, in part, "an attempt to overturn [a] criminal conviction on the authority of Fed. R. Civ. P. 60," which "is not applicable to criminal proceedings").

In *United States v. Charles*, 37 F. App'x 758 (6th Cir. 2002), the Sixth Circuit addressed a Rule 60 motion filed in the identical procedural posture as the one before this court. In that case, Charles's conviction and sentence had been affirmed by the Sixth Circuit, and his subsequent § 2255 motion had been denied, with both the district court and the Sixth Circuit denying a certificate of appealability. *Id.* at 758. After the Sixth Circuit also denied Charles's application for permission to file a successive § 2255 motion, he "filed a Fed. R. Civ. P. 60(b) motion essentially seeking to reopen his criminal case[,] . . . argu[ing] that he had discovered new evidence that entitled him to have his convictions and sentence vacated." *Id.* The Sixth Circuit affirmed the district court's denial of the Rule 60 motion, holding that "a party may not seek relief from a criminal sentence under Rule 60(b), because Rule 60(b) is not applicable to criminal proceedings." *Id.* (citing Fed. R. Civ. P. 1; *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998)).

Here, although the defendant asserts that the alleged defects in the search warrant application and its execution should have been identified by his trial counsel, he specifically notes that "this is not an ineffective assistance of counsel claim." (Doc. No. 988 at 15.) He does not seek relief from the denial of any collateral challenge to his conviction, but asks the court to "dismiss the counts convicted of." (*Id.* at 17.) He argues that Rule 60 relief is available to him because he

4

has no other means "to open, vacate, modify or otherwise obtain relief against the judgment[.]" (Doc. No. 988 at 15.) The defendant's motion is thus "an admitted attempt to overturn his criminal conviction on the authority of Rule 60(b)" and (d)(3), *Charles*, 37 F. App'x at 758, and is therefore improper.

**III. Conclusion**

Based on the authorities cited above, the court finds that the defendant's motion under Federal Rule of Civil Procedure 60 seeks relief that is not available in this criminal case. Accordingly, the defendant's motion (Doc. No. 988) is **DENIED**.

It is so **ORDERED**.

ENTER this 28th day of November 2018.

 _____
Aleta A. Trauger
United States District Judge