IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 3:02-cr-00053 |
| ) | Judge Trauger |
| KENNETH B. KIMBALL ) | |

## MEMORANDUM AND ORDER

Pending in this criminal case is defendant Kenneth B. Kimball's pro se motion for an evidentiary hearing to determine if his 2004 conviction was obtained through "omissions, lies, untruths, pre-meditated fraud, and perjury" in violation of "the Brady Act"[1] and the defendant's constitutional rights. (Doc. No. 1034.) For the reasons that follow, this motion will be transferred to the Sixth Circuit for consideration as a second or successive motion under 28 U.S.C. § 2255.

**I.  Background**

On January 23, 2004, at the conclusion of a three-week trial involving over 80 witnesses, the defendant was convicted by a jury of numerous offenses including drug trafficking, money laundering, and solicitation to commit murder. (Doc. Nos. 388, 395.) He was sentenced by Judge Todd Campbell (Ret.) to two consecutive life sentences plus fifteen years. (Doc. Nos. 539, 540.)

On appeal of this conviction and sentence, the Sixth Circuit affirmed the conviction, but vacated and remanded the sentence for reconsideration in light of *United States v. Booker*, 543 U.S. 220 (2005), which was issued after the court imposed its sentence. (Doc. No. 684); *United States v. Kenneth Kimball, et al.*, 194 F. App'x 373 (6th Cir. 2006), *cert. denied*, 127 S.Ct. 1137

---

[1]  The court construes this to be a reference to *Brady v. Maryland*, 373 U.S. 83 (1963), in light of the motion's subsequent claim that the state withheld exculpatory evidence from defense counsel.

(Jan. 16, 2007). On remand, the court applied the decision in *Booker*, but ultimately imposed the same sentence it had imposed prior to remand. (Doc. Nos. 736, 737.) On appeal of the Amended Judgment, the Sixth Circuit affirmed. (Doc. Nos. 739, 770); *United States v. Randall R. Parker and Kenneth Kimball*, 341 F. App'x 122 (6th Cir. 2009).

The defendant subsequently filed in this court a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, raising claims of ineffective assistance of counsel and prosecutorial misconduct. (Case No. 3:10-cv-00730, Doc. No. 1.) The court denied the § 2255 motion and a certificate of appealability on November 19, 2012. (*Id.*, Doc. Nos. 46, 47.) The defendant appealed to the Sixth Circuit, which adopted this court's reasoning and denied a certificate of appealability on September 6, 2013. (*Id.*, Doc. No. 51.) The defendant unsuccessfully petitioned for a writ of mandamus before the Sixth Circuit on March 18, 2014. (*Id.*, Doc. Nos. 52, 53.) He subsequently applied for Sixth Circuit authorization to file a second or successive motion under § 2255, which the Sixth Circuit denied on January 13, 2017. (*Id.*, Doc. No. 54.)

The defendant returned to his criminal case on February 2, 2017, when he filed a motion for sentence reduction under 18 U.S.C. § 3582(c)(2). (Doc. No. 951.) After the reassignment of this case to the docket of the undersigned, the motion for sentence reduction was denied by order entered November 15, 2017. (Doc. No. 980.) The defendant then sought relief in the form of a motion under Rule 60(b) of the Federal Rules of Civil Procedure, arguing that his conviction should be overturned because it was procured by fraud on the court. (Doc. No. 988.) By order entered November 28, 2018 (Doc. No. 1007), the court denied this motion on procedural grounds. However, on appeal, the Sixth Circuit found that the motion was properly deemed a second or successive motion under § 2255 and declined to authorize its filing. (Doc. No. 1017.)

2

On April 27, 2020, the defendant filed a request for compassionate release under the First Step Act of 2018. (Doc. No. 1018.) The court appointed counsel, who filed a supplemental motion for compassionate release. (Doc. No. 1021.) After the government responded to the motion, the court denied relief on June 5, 2020. (Doc. No. 1028.) The defendant, through counsel, filed a notice of appeal from this denial of compassionate release on June 19, 2020. (Doc. No. 1031.) That appeal is currently pending before the Sixth Circuit.

On September 10, 2020, the defendant filed the instant pro se motion for an evidentiary hearing (Doc. No. 1034), which does not bear upon his counseled appeal.

## II.     Discussion

The defendant's motion is designated for filing in this criminal case, though it is captioned and referred to throughout as a motion by "the Petitioner, Kenneth B. Kimball." (Doc. No. 1034 at 1.) In any case, the motion clearly presents a collateral challenge to the defendant's conviction and sentence, based on alleged constitutional violations resulting from fraudulent or perjurious "acts [that] were not disclosed to the Petitioner[']s defense attorneys" but "qualify as exculpatory evidence that was withheld by the Prosecution." (*Id.* at 1.) As relief, the motion requests an evidentiary hearing "to determine what information [the defendant] had, or not . . . before going to trial" and "a new trial to be held, so the Petitioner may testify and/or present other evidence, and ultimately gain the relief requested by vacating his conviction and sentence[.]" (*Id.* at 3.)

However, the defendant has already been denied collateral relief on claims of prosecutorial misconduct involving the knowing use of perjured testimony, though such claims were not presented as *Brady* claims in his § 2255 motion. (*See* Case No. 3:10-cv-00730, Doc. No. 1 at 20; Doc. No. 46 at 41.) His current motion for evidentiary hearing asserts the prosecution's failure to disclose the perjurious nature of witness testimony and other *Brady* violations, and thus amounts

3

to a successive § 2255 motion because it either "attempts to add a new ground for [§ 2255] relief" or "could be read to attack the . . . resolution [on the merits] of his previous § 2255 motion . . . based on a similar argument." *In re Nailor*, 487 F.3d 1018, 1022–23 (6th Cir. 2007) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)).

"Before a second or successive [§ 2255 motion] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). There is no indication that the defendant has obtained the necessary authorization from the Sixth Circuit Court of Appeals to file his motion in this court. In the absence of such authorization, this court lacks jurisdiction to rule on the motion. In this circuit, if a second or successive habeas petition or motion to vacate is filed in the district court without prior authorization by the Sixth Circuit Court of Appeals, the appropriate procedure is for the district court to transfer the file pursuant to 28 U.S.C. § 1631 to the appellate court, which will construe the § 2255 motion as a request under § 2244(b)(3)(A) for authorization to file the motion. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

### III. Conclusion

Accordingly, the Clerk is **DIRECTED** to **TRANSFER** the motion for evidentiary hearing (Doc. No. 1034) to the Sixth Circuit Court of Appeals, to be considered as a motion for an order authorizing this court to consider a second or successive motion to vacate, set aside, or correct the defendant's sentence. The Clerk must also forward a copy of this order to the appellate court.

It is so **ORDERED**.

---------------------------------------
Aleta A. Trauger
United States District Judge